IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAKOTA JEAN JONES, | ) |
|           *Petitioner*, | ) Case No. 2:23-cv-00085 |
| v. | ) Magistrate Judge Kezia O. L. Taylor |
| ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, WARDEN SCI CAMBRIDGE, and DISTRICT ATTORNEY OFFICE OF WESTMORELAND COUNTY, | ) |
|           *Respondents*. | ) |

**MEMORANDUM OPINION**

Pending before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Dakota Jean Jones ("Petitioner") pursuant to 28 U.S.C. § 2254. The Petition challenges Petitioner's judgment of sentence out of Westmoreland County, Pennsylvania.[1] For the following reasons, the Petition will be dismissed and a certificate of appealability will be denied.

**A. Relevant Background**

On August 24, 2020, Petitioner was charged with two counts of aggravated assault, two counts of criminal mischief, three counts of driving under the influence of alcohol, and one count each of theft by unlawful taking, receiving stolen property, flight to avoid apprehension, fleeing and eluding a police officer, possession of a controlled substance, and resisting arrest and related

---

[1] The Court takes judicial notice of the dockets of Petitioner's criminal case that is the subject of Petitioner's attack herein. *See Commonwealth v. Jones*, CP-35-CR-0003670-2020 (Ct. of Comm. Pleas Westmoreland Cty.) They are available for public viewing at https://ujsportal.pacourts.us/ (site last visited on March 19, 2025).

summary offenses.  *See* ECF No. 21-1 at 2-5, 6-18.  On February 17, 2021, Petitioner entered into a negotiated guilty plea and was sentenced to an aggregate term of one to five years of incarceration followed by two years of probation.  *Id*. at 19-21.  Petitioner did not file post-sentence motions, a direct appeal or any post-collateral relief petitions.

Petitioner initiated these federal habeas proceedings in January 2023, and her Petition is considered filed on January 9, 2023.[2]  *See* ECF No. 8.  An Answer to the Petition was filed by the Respondents on June 27, 2023.  *See* ECF No. 21.  Respondents assert that the Petition must be dismissed because it was untimely filed and because Petitioner's claims are procedurally defaulted.

### B. Discussion

The following grounds for relief are asserted by Petitioner in her Petition:  (1) attorney was not present during sentencing;[3] (2) ineffective assistance of counsel for providing incorrect advice regarding parole eligibility; (3) ineffective assistance of counsel for failing to investigate evidence or interview witnesses; (4) guilty plea was induced by counsel; (5) improper police procedures; and (6) inappropriate charges filed.

---

[2] This is the filing date pursuant to the prison mailbox rule.  *See Houston v. Lack*, 487 U.S. 266 (1988).

[3] It is unclear whether this claim is raised as a violation of Petitioner's due process rights or as an ineffective assistance of counsel claim.

1. **The Petition is untimely.**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period for state prisoners seeking federal habeas review. It is codified at 28 U.S.C. § 2244(d) and it provides:

(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

The statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. *Fielder v. Varner*, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 543 U.S. 1067 (2005). In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must

determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any other exception or equitable tolling should be applied on the facts presented.

First, the "trigger date" for Petitioner's claims is the date on which her judgment of sentence became final.[4] In this case, Petitioner's judgment of sentence became final on March 19, 2021, upon the expiration of the thirty-day period to file an appeal after he was sentenced on February 17, 2021. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes "final" at the conclusion of direct review or the expiration of time for seeking such review). Thus, the first day of Petitioner's one-year statute of limitations period was March 20, 2021, and absent any tolling for "properly filed" applications for post-conviction relief under section 2244(d)(2), Petitioner had one year from that date to file a timely federal habeas petition challenging her judgment of sentence. Because Petitioner did not file her Petition in this case until January 9, 2023, the Court must next determine whether Petitioner can take advantage of the tolling provision in section 2244(d)(2).

Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. The state court record reveals that Petitioner did not file any post-conviction motions. While her docket indicates that she did file some *pro se* motions related to her fines, costs and restitution, they were not applications for post-conviction relief within the meaning of § 2244(d)(2), and, even if they were, they were filed

---

[4] Petitioner's claims do not suggest that an alternative "trigger date" should be utilized.

in December 2022 and April 2023, after her one-year statute of limitations period for filing a federal habeas petition had already expired, which occurred on March 20, 2022. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (For purposes of AEDPA, an untimely PCRA petition is not considered to have been "properly filed" and is not entitled to statutory tolling); *see also Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003) (holding that untimely PCRA petition does not toll the federal limitations period even where the petitioner sought to pursue his PCRA petition under a statutory exception to the PCRA's time bar).

Having failed to meet AEDPA's one-year statute of limitations, the Petition can only be saved by the application of equitable tolling or the Supreme Court's recognized fundamental miscarriage of justice exception. *See Holland v. Florida*, 560 U.S. 631 (2010) (statute of limitations may be equitably tolled with showing of diligence and extraordinary circumstances); *see also McQuiggin v. Perkins*, 569 U.S. 383 (2013) (equitable exception to statute of limitations for actual innocence).

Petitioner does not argue for the application of the miscarriage of justice exception, but she seemingly argues for the application of equitable tolling from the time she was convicted until December 10, 2021. *See* ECF No. 8 at 15-16. She complains that she was unable to access resources due to Covid lockdown restrictions while at the Westmoreland County Prison until her transfer to SCI-Cambridge Springs on June 27, 2021. Then she complains that from the time she arrived at SCI-Cambridge Springs until December 10, 2021, she was in a "therapeutic community" that did not allow access to the law library.

As previously stated, the United States Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645.

5

A petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently,[5] and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id*. at 649. *See also Ross*, 712 F.3d at 798-804; *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original). The Third Circuit has advised that:

> "[t]here are no bright lines in determining whether equitable tolling is warranted in a given case." *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). Nevertheless, "courts must be sparing in their use of equitable tolling," *Seitzinger v. Reading Hosp. & Medical Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999), and should do so "only when the principles of equity would make the right application of a limitation period unfair." *Miller [v. New Jersey State Dept. of Corr.]*, 145 F.3d [616, 618 (3d Cir. 1998)].

*Sistrunk*, 674 F.3d at 190.

The problem with Petitioner's argument is that even if the Court were to credit her assertions and assume, without deciding, that she was entitled to equitable tolling from the time

---

[5] The United States Court of Appeals for the Third Circuit has explained:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565…. A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (emphasis added) (internal quotation marks and citation omitted); *see also Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." (emphasis added)).

*Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).

her judgment of sentence became final until December 10, 2021, her Petition would still be untimely since her Petition was not filed in this case until January 9, 2023, over one-year later. As such, the Petition will be dismissed as untimely.

### 2. **Petitioner's claims are procedurally defaulted.**

The Court also finds that the claims in the Petition are subject to dismissal because they are procedurally defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. *See* 28 U.S.C. § 2254(c); *see also Castille v. Peoples*, 489 U.S. 346, 350 (1989). In order to exhaust, a petitioner must invoke "one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. It is Petitioner's burden to show that he has exhausted his available state remedies. *Coady v. Vaughn*, 251 F.3d 480, 488 (3d Cir. 2001). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A review of the state court records and dockets in this matter shows that Petitioner has not met her burden of demonstrating compliance with the exhaustion requirement because she did not invoke "one complete round of [Pennsylvania]'s established appellate review process." *O'Sullivan*, 526 U.S. at 845. Additionally, it appears that Petitioner would be time-barred from filing any appeals if she were to return to the state courts to comply with the exhaustion

7

requirement. In a situation such as this where state law clearly forecloses state court review of claims which have not previously been presented to a state court, exhaustion is considered satisfied but the doctrine of procedural default generally bars federal habeas corpus review. *See McCandless v. Vaughn*, 172 F.3d 255, 261-62 (3d Cir. 1999); *see also Rolan v. Coleman*, 680 F.3d 311, 317 (3d Cir. 2012). The doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism." *Coleman*, 501 U.S. at 730. Federal courts may not consider procedurally defaulted claims unless "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Id*. In this case, Petitioner has failed to demonstrate any recognized basis by which to excuse the procedural default of her claims. As such, the Petition will also be dismissed for this reason.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473,

484 (2000). Petitioner has not met the requisite showing in this case. Accordingly, a certificate of appealability will be denied. A separate Order will be entered.

<u>/s/ Kezia O. L. Taylor</u><br>
KEZIA O. L. TAYLOR<br>
United States Magistrate Judge

Dated: April 21, 2025.

Cc:   Dakota Jean Jones
      832 Kirkpatrick Avenue
      Braddock, PA  15104

      Counsel for Respondents
      (Via CM/ECF electronic mail)